[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12786
Non-Argument Calendar

_____

D. C. Docket No. 06-10032-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

URIAH ALFRED ROSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 20, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Uriah Alfred Rose appeals his 188-month sentence for possession

with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Rose argues on appeal that his sentence is unreasonable because the minimum sentence of 188 months, according to the Guidelines range, imposed by the district court is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Specifically, Rose argues that the district court, in denying Rose a downward variance, imposed a sentence that was too great in light of Rose's post-conviction and pre-sentence rehabilitation. Rose argues that the minimum Guideline sentence of 188 months "is tantamount to punishing [Rose] for his status as a drug addict," rather than for his crimes.

This court reviews the final sentence imposed by the district court for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244-45 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597 (2007); *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Gall* 552 U.S. at ___, 128 S. Ct. at 597. The

2

Supreme Court has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Id.* It has suggested that review for substantive reasonableness under this standard involves inquiring whether the statutory factors in § 3553(a) support the sentence in question. *Id.*

This court's reasonableness review is deferential and requires this court to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* In arriving at a reasonable sentence, the district court is required to consider the factors set out in § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. 3553(a)).

In considering the § 3553(a) factors and explaining the reasoning behind its choice of sentence, we have held that the district court need not discuss or state that it has explicitly considered each factor of § 3553(a). *Talley*, 431 F.3d at 786. Instead, we have held that an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005); *see also Rita v. United States*, 551 U.S. __, 127 S. Ct. 2456, 2469 (2007) (holding that the defendant's sentence was reasonable when the district court considered the parties' arguments and provided a reasoned basis for its choice of sentence).

Here, based on our review of the record, we conclude that Rose's sentence was not procedurally unreasonable because the district court heard statements of the parties, considered Rose's history contained in the pre-sentence investigative report, and considered the factors set out in § 3553(a). *See Scott*, F.3d at 1329; *Hunt* 459 F.3d at 1182 n.3; *Gall* 552 U.S. at ___, 128 S. Ct. at 597. Moreover, we conclude from the record that Rose's sentence was not substantively unreasonable because the district court did not abuse its discretion in sentencing him at the low

4

end of the applicable guideline range given his criminal history and recidivism. *See* 18 U.S.C. §3553(a); *Gall* 552 U.S. at \_\_\_, 128 S. Ct. at 597.  Accordingly, we affirm Rose's sentence.

**AFFIRMED.**